UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| In re: | Case No. 12-30816 |
| Kids View, Inc, | Small Business |
| Debtor. | Chapter 11 |

### KIDS VIEW, INC'S PLAN OF REORGANIZATION, DATED 9/24/2012

ARTICLE I
SUMMARY

      This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Kids View, Inc, (the "Debtor") from the future income from the Debtor. .

      This plan provides for 5 classes of secured claims; 1 class of unsecured claims; and 1 classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

      All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holder has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

    2.01    Class 1.    The claim of Capital Savings Bank, to the extent allowed as a secured claim under § 506 of the Code.

    2.02    Class 2.    The claim of Capital Savings Bank, to the extent allowed as

|      |          | a secured claim under § 506 of the Code. |
|------|----------|---|
| 2.03 | Class 3. | The claim of City of El Paso, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.04 | Class 4. | The claim of Hyundai Motor Finance, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.05 | Class 5. | The claim of the Internal Revenue Service, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.06 | Class 6. | Unsecured claims allowed under § 502 of the Code. |

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. The Claim of the Internal Revenue Service in the amount of $95,113.36 will be paid as follows: $ 95,113.36 shall be paid in 108 equal monthly installments of principal and interest, with interest at the rate of 4% beginning the first day of the first full month following the effective date. For so long as the Debtor is not in default of the installment agreement no attempt will be made to collect such taxes from the Debtor. The debt owed by the Debtor to the Internal Revenue Service is a non-dischargeable debt, except as otherwise provided for in the Code. If the Debtor should default, the Internal Revenue Service is not subject to the provisions of the Bankruptcy Code and may pursue any applicable rights and remedies to collect under State or Federal law. If there is default to any provisions of the Internal Revenue Service, the Internal Revenue Service will send written notice to the Debtor. The Debtor must cure the default within 15 days of the date of the notice. The Debtor can cure one notice of default from the Internal Revenue Service. So long as the Debtor is current the Internal Revenue Service shall take no action against Maria Lourdes Torres.
   The Texas Work Force Commission will be paid $215.96 in full satisfaction of their debt on the first day of the first full month following the effective date.

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Secured claim of Capital Savings Bank in the amount of $50,178.71 | Impaired | The claim will be paid on the basis of a 30 year amortization schedule with interest thereon at the rate of 6.50% beginning the first day of the first full month following the effective date, with a 10 year call. All payments made will be credited against the principal balance. |
| Class 2 - Secured claim of Capital Savings Bank in the amount of $426,117.73. | Impaired | The claim will be paid on the basis of a 30 year amortization schedule with interest thereon at the rate of 6.50% beginning the first day of the first full month following the effective date, with a 10 year call. All payments made will be credited against the principal balance. |
| Class 3 - Secured claim of City of El Paso in the amount of $252,058.02 | Impaired | The amount of this claim will increase because it accrues interest at the rate of 12% from filing date through the effective. Paid in 60 equal monthly installments with interest at the rate of 12%. |
| Class 4 - Secured claim of Hyundai Motor Finance in the amount of $5,659.47. | Impaired | Terms of contract will be adopted; however, the interest will decrease to 4.00%. |
| Class 5 – Secured claim of the Internal Revenue Service in the amount of $123,427.10. | Impaired | The Claim of the Internal Revenue Service in the amount of $123,427.10 will be paid as follows: $123,427.10 shall be paid in 108 equal monthly installments of principal and interest, with interest at the rate of 4% beginning the first day of the first full month |

| | | |
|---|---|---|
| | | following the effective date. For so long as the Debtor is not in default of the installment agreement no attempt will be made to collect such taxes from the Debtor. |
| Class 6 - General Unsecured Creditors[12] | Impaired | This class will receive 10% of their allowed claims. The amount totaling $ 88,754.12 will be paid towards this class. This amount will be paid in 96 equal monthly installments pro-rata beginning on the first day of the first full month following the effective date. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.    A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.    No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.    The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

---

[1] This includes the claim of CIT Small Business in the amount of $146,313.39. The collateral attached to said claim will be surrendered and the claim shall be treated under Class 5 as a general unsecured claim. Also included in Class 5 will be the claim of Cemex, in the amount of $13,329.33, since the alleged judgment was obtained after the date of filing.

[2] This class also included the Unsecured General Claim of the IRS in the amount of $35,300.28.

      (a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

| Party | Description of Contract | Election |
|---|---|---|

      (b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the   "effective date of this Plan," "the date of the entry of the order confirming this Plan," or other applicable date].

| Party | Description of Contract | Election |
|---|---|---|

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The plan will be funded by the future income of the Debtor.

## ARTICLE VIII
## GENERAL PROVISIONS

    8.01    <u>Definitions and Rules of Construction</u>.   The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

    8.02    <u>Effective Date of Plan</u>.   The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

    8.03    <u>Severability</u>.   If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceabililty and operative effect on any other provision of this Plan.

    8.04    <u>Binding Effect</u>.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

    8.05    <u>Captions</u>.   The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

    8.06    <u>Controlling Effect.</u>   Unless a rule of law or procedure is supplied by

federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided for in this Plan.

## ARTICLE IX
## DISCHARGE

9.01    Discharge.   On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 114a(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

10.01 Default in Payment of Claims of Unsecured Creditors by Debtor: The following terms and conditions shall apply to any default in payment to any holder of an Allowed Unsecured Claim.

1. Conditions of Default and Remedies

A failure by the Debtor to make payment pursuant to terms of the Confirmed plan shall be an event of default. The Debtor shall have fifteen (15) days from receipt of notice from a Claimant in which such default has occurred to cure the default. If the default is not cured within fifteen (15) days period, the Claimant may (a) accelerate the Allowed Claims in such class to be immediately due and owing and/or (b) pursue any and all available state and federal rights and remedies. The Debtor is permitted to cure a default in any class only three (3) times.

10.02   Default in Payment of Claims of Secured Creditors by Debtor: The terms and conditions of the loan documents are herewith adopted in full except as otherwise stated in this Plan and the Debtors' Disclosure Statement.

10.03   Terms and Conditions Relating to Secured Creditors for Debtors : Classes 1 through 2 of the Debtors consist of the Secured Claims of all Secured Creditors, except those Creditors whose collateral has been abandoned to them, or for which an order for relief from the provisions of Sections 362 of the Code has been granted as finally allowed and ordered paid by the Court, and to the extent that such Claims are not greater than the value of the Debtors' assets which the Court finds are valid security for such Claims. The following terms and conditions apply to all Creditors holding Liens against Property of the Estate:

**1. Preserved Liens**

Liens of Secured Creditors shall be preserved to the extent such liens are valid.

2. Release of Liens

Upon payment in full to the Secured Creditors under the terms of this Plan, such Secured Creditors shall execute the documents necessary to release their Liens securing such property.

DATED: September 24, 2012

                Kids View, Inc.,
            By: /s/ Maria Lourdes Torres
              Maria Lourdes Torres its President

Respectfully submitted,

**DIAMOND LAW**,

/s/ Sidney J. Diamond
By: Sidney J. Diamond
Attorney for Debtor
Texas Bar Card No.: 5803000
3800 N. Mesa, Suite B-3
El Paso, Texas 79902
(915) 532-3327 Voice
(915) 532-3355 Fax
sidney@sidneydiamond.com