**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE § | | |
| § | | |
| KIDS VIEW INC, § | | CASE NO. 12-30816 |
| § | | |
| § | | CHAPTER 11 |
| § | | |
| § | | Hearing: December 13, 2012 |
| DEBTOR § | | 10 a.m. |

OBJECTION OF CIT SMALL BUSINESS LENDING CORPORATION TO DEBTOR'S AMENDED PLAN OF REORGANIZATION [Docket #63]

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

**Comes Now,** CIT SMALL BUSINESS LENDING CORPORATION and files this its Objection to Debtor's Amended Plan of Reorganization dated October 31, 2012 (hereinafter, Plan) and would respectfully show this Court as follows:

I. JURISDICTION AND VENUE

1. Jurisdiction of this Court to hear this matter is founded upon 28 U.S.C. §§1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C §157(b)(2)(G). Venue is appropriate in this Court pursuant to 28 U.S.C. §1408.

II. BACKGROUND

2. This is the second Chapter 11 proceeding filed by this Debtor within a one year period. The earlier Chapter 11 was filed on April 4, 2011, Case No. 11-30645. Said prior case ended in an order of dismissal based on Debtor's inability to propose a confirmable plan which was entered by this Court on October 17, 2011. In said prior case, the Debtor remitted occasional adequate protection payments of $500 per month to CIT.

3. Debtor filed this voluntary Chapter 11 proceeding on April 30, 2012. Once the earlier

bankruptcy was dismissed, CIT received no further payments. When this proceeding was filed, Debtor was advised that it did not have authority to use CIT's cash collateral. Debtor has taken the position that CIT's collateral is located at Kids View I, Inc., (a related entity) which is operated at Debtor's location and that Debtor is simply a landlord and does not use CIT's collateral. Kids View I, Inc., upon information and belief, operates a daycare at 1141 Tower Trail, El Paso, Texas and pays Debtor monthly rent. At all times, Debtor has remained in possession of its property and operated its affairs as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. CIT SMALL BUSINESS LENDING CORPORATION (hereinafter, CIT), pursuant to the prepetition Loan Documents, holds a valid and perfected, first and prior lien on the following assets of the Debtor (Kids View, Inc.), as well on the assets of Kids View I, (hereinafter, Kids View Daycare), including: equipment, inventory and accounts located at 1141 Tower Trail, El Paso, Texas (the Property). The Kids View Daycare also filed a Chapter 11 proceeding in April, 2011 and it was jointly administered with this Debtor's prior case, as well as other related debtors. The Kids View Daycare case was also dismissed by this Court on October 17, 2011. The Kids View Daycare has not re-filed for protection, but continues to operate at the Property.

4. CIT has a lien on the accounts generated by the operation of the property at 1141 Tower Trail, El Paso, Texas. The obligations of Kids View, Inc., and its tenant, the Kids View Daycare to CIT had been accelerated, according to the terms of the Loan Documents pre-petition.

5. Debtor filed its Disclosure Statement and obtained provisional approval of same, in its amended form, on November 1, 2012 [Docket No. 64].

6. CIT timely filed its Proof of Claim in this matter on May 14, 2011 [Claim #4-1] in the amount of $146,313.39. CIT's claim is both as a secured creditor to the extent of the value of its collateral, with the remaining claim balance as an unsecured creditor.

### III. OBJECTION

7. CIT objects to Debtor's Plan for several reasons. First, the Plan does not comply with the requirements of 11 USC 1129.

8. The Plan provides in a footnote for the treatment of CIT. Per the Plan, the Debtor is surrendering the collateral which belongs to a non-debtor, Kids View I, Inc., to CIT. However, efforts by CIT to obtain access to the collateral for purposes of obtaining possession have been met with silence. Even assuming that CIT were able to recover its collateral as apparently offered by the Debtor, the Plan then goes further and relegates CIT's secured claim into the unsecured class since the collateral has been surrendered. Without actual surrender of the collateral to CIT, the Debtor may not unilaterally ignore CIT's secured claim.

9. The Plan is not feasible on its face. The Plan is silent on how payments will be funded other than to suggest that they will be funded from the ongoing operations of the Debtor. Since the Debtor is a landowner and its sole source of income is from rent paid by a related entity, and the rent is only sufficient to cover the payment due to the first lienholder on the Property, it is unclear where funds will come from to pay the other creditors of this estate, including CIT. Upon information and belief, the lease which is the source of Debtor's income, has terminated, and there is no new lease in place. The tenant is a related entity, Kids View Daycare, and is controlled by the same principal as the Debtor. If in fact the lease is being renegotiated by the Debtor, such renegotiated terms should be set forth in the Plan and disclosed to the creditors.

10. The Plan states that the payments will be funded through the ongoing operations of the Debtor. It also reports that the Debtor, at confirmation, will have sufficient funds on hand to make the initial payments to creditors. In the latest monthly operating report (MOR) reflecting operations for the month of October 2012 [Docket No. 66], the attached bank statements reflect that Debtor had ending balances in its two accounts of: $36.08 and $5.01 respectively. While the

MOR reflects income of $26,123.33, and expenses of $26,100.12, for a cash profit of $23.21 for the month of October, there is no evidence as to where this income came from. The earlier operating reports on file with this Court show monthly income in the $11,000 to $12,000 range and reflect the apparent rent payments from Kids View Daycare.

  11. The Plan provides for the surrender of collateral to CIT, so as to avoid any treatment of CIT's secured claim, but places no value on said collateral. It is undisputed that Kids View Daycare is operating, and it is presumed that it is using CIT's collateral in its ongoing operations. Further, it is clear that Kids View Daycare must continue to operate so that it can fund rent payments to the Debtor so that the Debtor can pay the first lienholder or Debtor is likely to lose its Property. Debtor's counsel reported on November 27, 2012, that CIT's collateral is in storage but has not provided any information regarding its location nor allowed for access to same.

  WHEREFORE, PREMISES, CONSIDERED, CIT SMALL BUSINESS LENDING CORPORATION prays for an order of this Court setting aside the conditional approval of Debtor's Amended Disclosure Statement, denying confirmation of Debtor's Amended Plan of Reorganization and for such other and further relief, both general and specific, to which CIT Small Business Lending Corporation may show itself justly entitled.

  Dated this 30th day of November, 2012.

Respectfully Submitted,
**MORGAN & ASSOCIATES, P.C.**
711 Navarro, Suite 210
San Antonio, TX 78205
Tel. 210.024.5399
Fax. 210.224.5091

By: *F. Beth Morgan*
  F. Beth Morgan
  State Bar No. 14438300

ATTORNEYS FOR CIT SMALL BUSINESS LENDING CORPORATION

## CERTIFICATE OF SERVICE

I, F. Beth Morgan, do hereby certify that on the 30th day of November, 2012, a true and correct copy of the foregoing Objection of CIT SMALL BUSINESS LENDING CORPORATION to Debtor's Plan of Reorganization and Disclosure Statement has been forwarded to the following via electronic mail and/or by first class mail, postage prepaid to those listed on the attached service list:

**Debtor**

Kids View, Inc.
1141 Tower Trail
El Paso, Texas 79907

**Debtor's Counsel**

Sidney J. Diamond
3800 N Mesa B-3
El Paso, TX 79902

**U.S. Trustee**

U.S. Trustee
P.O. Box1539
Suite 300
San Antonio, Texas 75205-1539

*F. Beth Morgan*
F. Beth Morgan